MOEN INCORPORATED, Plaintiff,

v.

FOREMOST INTERNATIONAL TRADING, INC., Defendant.

No. 97 C 8739.

United States District Court, N.D. Illinois, Eastern Division.

March 4, 1999.

Edward M. Keating, Dorn, McEachran, Jambor & Keating, Chicago, IL, for Plaintiff.

Nate F. Scarpelli, Marshall, O'Toole, Gerstein, Murray & Borun, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Moen Incorporated ["Moen"] brought this action against Foremost International Trading, Inc. ["Foremost"] alleging patent infringement, unfair competition, false advertising, trade dress infringement, trademark infringement, consumer fraud and deceptive trade practices, and trademark dilution involving Moen's "Monticello" brand 2 handle, 4 inch center set lavatory faucet [the "Moen faucet"]. After a hearing, Foremost was preliminarily enjoined from making, using, selling, or importing its FC–1032 series lavatory faucet [the "Foremost faucet"], based on design patent infringement. Moen now moves for summary judgment on the issue of design patent infringement. In response, Foremost has filed a cross-motion for summary judgment against Moen. For the following reasons, Moen's motion for summary judgment is granted, and Foremost's cross-motion for summary judgment is denied.

### Background

Moen is the owner of United States Patent No. D347,466 ["'466"] for the design of a faucet body, which is incorporated into the Moen faucet. The Moen faucet is the number one selling retail faucet for Moen. Subsequent to issuing Moen its design patent, the United States Patent and Trademark Office ["PTO"] found that Foremost also had a patentable faucet design.

Moen argues that the Foremost faucet infringes its design patent '466. Moen requests that Foremost be permanently enjoined from making, using, selling, or importing its FC–1032 lavatory faucets or any other faucet that infringes the '466 patent. In response, Foremost argues that Moen has submitted inadequate evidence of infringement and that its own evidence shows that the Foremost faucet is not substantially similar to the Moen faucet.

### Summary Judgment

Summary judgment is appropriate in a patent infringement case. *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed.Cir.1988). Infringement of a design patent is determined by construing the claim of the design patent, and then comparing the properly construed claim to the design of the accused device. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed.Cir. 1995).

A design patent protects only novel, non-functional features. *Id.* The claim as described in the '466 patent is of the ornamental design of a faucet body. However, Moen admits that the spout and escutcheon (the base supporting the handles and spout) in its design patent each

have a function. "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Oddzon Prods., Inc. v. Just Toys, Inc.,* 122 F.3d 1396, 1405 (Fed. Cir.1997). The scope is limited to the overall ornamental visual impression. *Id.*

The drawings depicting Moen's '466 design patent show an escutcheon and spout of a faucet. The escutcheon is smooth and rounded on the shorter sides with relatively flat and longer front and back edges. Round holes for faucet handles take up most of the space on either side of the spout, and the sides of the escutcheon curve around them in half-circles. The spout of the faucet sits in the center of the escutcheon, sloping back through the middle of the escutcheon. A small, circular hole for a drain plug sits on the back end of the spout. The spout is smooth and curves gently upward, and then slightly downward towards the end. At the end of the spout, the upper edge is higher than the bottom edge, and the upper edge protrudes further than the bottom edge. As a result, the curve of the spout is longer on the top than the bottom, and the bottom curve is slightly sharper toward the end of the spout than the top curve. Looking at the design from a bottom angle, the spout is fairly flat and smooth. The spout is wide where it attaches to the escutcheon, and gradually becomes narrower toward the portion of the faucet that curves downward. It widens again slightly at the end of the spout.

■ To determine whether a product design infringes a design patent, two distinct tests must be applied. The first test is the ordinary observer test, which was set forth in *Gorham Mfg. Co. v. White,* 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731 (1871). Under the *Gorham* test, the fact finder must determine,

if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substan-tially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other. *Gorham,* 81 U.S. at 528, 14 Wall. 511.

In *Gorham,* the design at issue was purely ornamental, being limited to scrollwork on the handle portion of flatware. Where, as here, the design includes both functional and ornamental features, "[i]n determining this overall similarity of design, the ordinary observer must be deceived by the features common to the claimed and accused designs that are ornamental, not functional." *Unidynamics v. Automatic Prods. Int'l,* 157 F.3d 1311, 1323 (Fed.Cir. 1998).

■ Both parties agree that the purchase of a faucet is not an impulse purchase. Assuming that the ordinary purchaser carefully inspects the designs of faucets, the question is whether that purchaser would find the overall ornamental appearance of the faucets substantially the same. "Under *Gorham,* the focus is on the *overall* ornamental appearance of the claimed design, not selected ornamental features." *Elmer,* 67 F.3d at 1578. After a careful inspection, the overall ornamental appearance of Moen's design and the Foremost faucet is substantially similar. Although there are slight variations between the two designs such as the exact placement of the drain plug, minor differences do not prevent a finding of infringement where the overall effect of the designs is substantially the same. *Payless Shoesource, Inc. v. Reebok Int'l Ltd.,* 998 F.2d 985, 991 (Fed.Cir.1993). Viewed as a whole, the ornamental features of the Moen faucet as described above are substantially similar to the ornamental appearance of the escutcheon and spout of the Foremost faucet.

■ The second test, or point of novelty test, requires that the accused device " 'appropriate the novelty in the patented device which distinguishes it from the prior

art.'" *Unidynamics,* 157 F.3d at 1323 (citations omitted). Moen describes the point of novelty as the shape, contour, proportion and relationship between the spout and the escutcheon. Except for United States Patent No. D203,324 ['324], the escutcheons depicted in the prior art submitted by Foremost have decorative layering.[1] The spouts stick straight out of the escutcheon. The end of the spouts turn in a sharper angle than Moen's spout, and have a decorative ring. The design closest in appearance to the Moen faucet is the design of patent '324. While smooth, the escutcheon in '324 has a ridge in the back from which the spout protrudes. The spout rises higher than the Moen spout, and turns sharply downward at the end. Therefore, the point of novelty of the Moen faucet is the shape of the spout: the manner in which the smooth spout curves gently upward, and then slightly downward at the end, with a higher upper edge protruding further than the bottom edge. In addition, the point of novelty includes the way the spout gradually slopes outward from the middle of the smooth escutcheon.

Like the design of the '466 patent, the Foremost escutcheon is smooth, with no decorative ridges. The spout gradually slopes outward from the middle of the escutcheon at the same angle as the Moen spout. Most noticeably, the Foremost spout appropriates the Moen spout's gentle slope upwards and rounded curvature at the end, with a higher, upper edge protruding further than the lower edge. Like the Moen spout, the Foremost spout has a longer curve on top and a shorter, more pronounced yet smooth curve on the bottom. The Foremost spout does not bend at a sharp angle or have any other characteristics that would distinguish it

from the point of novelty of the Foremost spout.

Relying heavily on *Read Corp. v. Portec, Inc.,* 970 F.2d 816 (Fed.Cir.1992), Foremost argues that Moen must submit empirical evidence showing that ordinary observers are deceived by the Foremost faucet. The design at issue in *Read* included both functional and non-functional features, and the jury found for the patent holder. The Federal Circuit held that a verdict in favor of a patent holder requires evidence that the similarity between the designs is due to ornamental features. *Id.* at 825-26. In *Braun Inc. v. Dynamics Corp. of America,* 975 F.2d 815, 821 (Fed.Cir.1992), the court noted that "[n]othing in *Gorham* suggests that, in finding design patent infringement, a trier of fact may not as a matter of law rely exclusively or primarily on a visual comparison of the patented design, as well as the device that embodies the design, and the accused device's design."

The comparison of the ornamental appearance by the trier of fact has been incorporated into the *Gorham* test. *Unidynamics,* 157 F.3d at 1323. The desirability or necessity of empirical evidence varies according to the circumstances of the particular case. *Braun,* 975 F.2d at 821. The faucet designs in the case at bar are not complicated. Foremost has not set forth any reason, and I do not find any reason, why comparison under the *Gorham* test and the point of novelty test is insufficient to determine infringement in this case.

▬▬▬ Nonetheless Foremost argues that it is entitled to summary judgment, or that it raised a genuine issue of material fact, based on its own consumer study and patent.[2] Moen argues, and I agree, that

---

**1.** The prior art submitted by Foremost, which it presumably finds the most relevant, includes United States Design Patents 169,405; 280,008; 293,362; and 203,324.

**2.** Foremost also argues that it has not contested the validity of Moen's patent because Moen has not adequately described the point of nov-

elty. Foremost submitted an affidavit stating that it could not properly contest the validity without such information. Foremost correctly points out that defining the scope of the claim of a patent is a preliminary requirement in an infringement case. Patent claim construction, however, is a question of law, *Uni-*

the study and accompanying expert report were not produced until after the close of discovery and therefore are not properly before the court. Even if the survey were considered, however, it does not provide admissible evidence. Foremost's consumer study asked fifty people at random to compare the Foremost faucet and the Moen faucet. The survey participants were then asked whether the faucets had "the same" design. Thirty-eight said that the designs were not the same. Regardless of the form of the question, the survey is fatally flawed. It asked the participants to compare the whole faucet design rather than the overall ornamental appearance. *See Oddzon Products,* 122 F.3d at 1407 (holding that surveys are flawed where "[t]hey fail to distinguish between the ornamental features of the [devices] and their functional" features).

■ Furthermore, the fact that Foremost obtained a patent on the accused design, while relevant, is not dispositive.[3] In light of the overwhelming, overall similarity in ornamental design as well as the appropriation of the point of novelty, the patent in and of itself does not create a genuine issue for trial.

### Conclusion

For the reasons discussed above, Moen's motion for summary judgment is granted and Foremost's cross-motion for summary judgment is denied. Foremost is permanently enjoined from making, using, selling, or importing its FC–1032 lavatory faucets or any other faucet that infringes United States Patent No. D347,466.

---

*dynamics,* 157 F.3d at 1311. With respect to design patents there is generally no description of a design in words. *See* 37 C.F.R. § 1.153(a) ("No description, other than a reference to the drawing, is ordinarily required"). The claim stated in Foremost's own patent is only for the ornamental design of a faucet body. (Def.Ex. 3). Foremost has had ample opportunity to contest the validity of the Moen patent in this lawsuit, but it has chosen not to do so. Therefore the patent is presumed valid. *See In re Morris,* 127 F.3d 1048, 1054 (Fed.Cir.1997) ("Patents in infringement suits are presumed valid by statute").

3. Foremost cites no authority for the proposition that a subsequently issued design patent on an accused product could, by itself, preclude infringement of a previously issued design patent. With respect to utility patents, "[t]he grant of a separate patent on the accused device does not automatically avoid infringement...." *National Presto Indus., Inc. v. West Bend Co.,* 76 F.3d 1185, 1191 (Fed.Cir. 1996); *see also Black and Decker (U.S.) Inc. v. Cedarberg Indus., Inc., DST,* 1998 WL 526534, at *4 (N.D.Ill.1998) (finding that the granting of a separate design patent to the accused device is relevant when comparing the claimed design to the accused design, but does not automatically avoid infringement).