**LENTEK INTERNATIONAL, INC.,** a Florida corporation, Plaintiff

v.

**SHARPER IMAGE CORPORATION,** a California corporation, Defendant.

Lentek International, Inc. a Florida corporation, Plaintiff,

v.

Zenion Industries, Inc. a California corporation, Defendant.

Sharper Image Corporation, a California corporation, Plaintiff,

v.

Lentek International, Inc., a Florida corporation, Defendant.

Nos. 6:00–CV–725–ORL19JGG, 6:99–CV–922–ORL19JGG, 6:00–CV–975–ORL19JGG.

United States District Court,
N.D. Florida,
Orlando Division.

Sept. 24, 2001.

---

Brian R. Gilchrist, Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., Harold E. Morlan, II, Morlan & Stovash, P.A., Orlando, Fl, William E. Sublette, Law Office of William E. Sublette, Orlando, Fl, for Lentek, International, Inc.

Terry C. Young, Kames S. Toscano, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, FL, Alan L. Barry, Amy J. Gast, Bell, Boyd & LLoyd, L.L.C., Chicago, IL, E. Robert Wallach, San Fransico, CA, Larry Johnson, Craig M. Stainbrook, Johnson & Stainbrook, L.L.P., San Rafael, CA, for Sharper Image and Zenion Industries, Inc.

## ORDER

FAWSETT, District Judge.

This case comes before the Court on the following:

(1) Sharper Image Corporation's ("SI") Motion for Summary Judgment of Infringement and Claim Construction on U.S. Design Patents 411,001 and 417,551, With Memorandum in Support and Appendix (Doc. Nos. 148–150, filed June 1, 2001); and

(2) Lentek's Response to Sharper Image's Motion for Summary Judgment of Infringement and Claim Construction of U.S. Design Patents 411,001 and 417,551 (Doc. No. 164, filed June 25, 2001).

## PROCEDURAL BACKGROUND

On July 29, 1999, Lentek filed a patent suit in this Court against SI seeking a declaratory judgment of invalidity, unenforceability, and non-infringement of United States Patent No. 4,789,801 ("the 801 Utility Patent"). *Lentek International, Inc. v. Sharper Image Corp.,* 6:99–CV–ORL–19JGG. ("Case 922" at Doc. No. 1). On August 4, 1999, Lentek filed an amended complaint in which it sought, *inter alia,* a declaratory judgment of invalidity, unenforceability, and non-infringement of United States Design Patent No. DES 411,001 (the "001 patent"). A year after *Case 922* was filed, SI filed suit against Lentek alleging infringement of United States Design Patent No. 417,551 ("the 551 patent"). *Sharper Image Corp. v. Lentek Int'l., Inc.,* 6:00–CV–975–ORL–19KRS ("Case 975" at Doc. No. 1). Lentek answered the Complaint in *Case 976* and asserted two counterclaims against SI for (1) a declaratory judgment of non-infringement of DES '551, and common law abuse of process.

In this motion, SI moves for summary judgment of design patent infringement against Lentek for infringement of the 551 patent and the 001 patent. Concurrently, it moves for claim construction of the patents at issue. It also moves for summary judgment on Lentek's claims of invalidity and unenforceability.

## SUMMARY JUDGMENT STANDARD

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Infringement of a design patent is determined by construing the claim of the design patent, and then comparing the properly construed claim to the design of the accused device. *Moen Incorporated v. Foremost International Trading,* 38 F.Supp.2d 680, 681 (N.D.Ill.1999) (citing *Elmer v. ICC Fabricating, Inc.,* 67 F.3d 1571, 1577 (Fed.Cir.1995))

## FACTUAL BACKGROUND

SI is the assignee and owner of the '551 patent entitled "Grooming Brush for Animals." The patent issued December 14, 1999, and claims "the ornamental design for grooming brush of animals." The '551 patent shows eight different views of the ornamental grooming brush. (Doc. No. 150, Ex. A). The '551 patent protects SI's "Large Ionic Pet Brush." (Doc. No. 150, Ex. B).

SI is also the assignee and owner of the '001 patent issued June 15, 1999, entitled, "Plug–In Air Purifier And/Or Light." The '001 patent claims "the ornamental design for a plug-in air purifier" and shows eight different views of the plug-in air purifier. (Doc. No. 150, Ex.C) The '001 patent protects SI's "Plug–In Air Purifier." (Doc. No. 150, Ex. D).

In the fall of 1999, Lentek began selling a pet brush which it calls a "Waterless Pet Brush w/Flea Repel" (Doc. No. 150, Ex. I), Lentek recently introduced its "Ionic Pet Massage." Exhibit K shows eight different perspectives of Lentek's brush. Lentek also began selling a "Plug–In Air Purifier/Deodorizer," also known as the "Compact Air Purifier." Exhibit M shows eight different perspectives of Lentek's air purifier. SI alleges that both Lentek's pet brush and its plug-in air purifier infringe on SI's design patents.

## ANALYSIS

*Patent Validity.*

A patent is presumed valid. 35 U.S.C. Section 282 (1982). In an infringe-

ment action, the patent owner does not have the initial burden of submitting evidence to support validity. *Avia Group International, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557 (Fed.Cir.1988). Rather, the challenger has the initial burden of introducing evidence that raises the issue of invalidity. *Id.* at 1562. Further, a challenger must establish facts, by clear and convincing evidence, which lead to the conclusion of invalidity. *Id.*

In the instant case, Lentek's Complaint alleged invalidity of SI's patents and sought both temporary and permanent injunctions restraining SI from attempting to enforce the '001 and '005 patents against Lentek. *See* (Doc. No.6, *Case 922*, and Doc. No. 7, *Case 975*, respectively). However, Lentek has brought forth no evidence nor established any facts, by clear and convincing evidence, to support such claims. When a challenger presents no evidence to support its claims of invalidity, its "silence leaves untouched at this stage what the statute presumes, namely, that [the] patent is valid." *Id.* (quoting *Roper Corp. v. Litton Sys. Inc.*, 757 F.2d 1266, 1270 (Fed.Cir.1985)). Accordingly, this Court finds that SI is entitled to a presumption of validity on the '551 and '001 patents.

### (2) *Claim Construction of the '551 Patent*

In a design patent application a Court normally is not required to construe disputed language, as it must in a utility patent. Rather the Court must adapt to the practice that a patented design is claimed as shown in the drawing. There is usually no description of the design in words. *The Goodyear Tire & Rubber Company v. Hercules Tire and Rubber Company*, 162 F.3d 1113 (Fed.Cir.1998) (Citing to 37 C.F.R. Section 1.153(a))

> The title of the design must designate the particular article. No description, other than a reference to the drawing, is

ordinarily required. The claim shall be in formal terms to the ornamental design for the article (specifying name) as shown, or as shown and described. More than one claim is neither required nor permitted.

37 C.F.R., Section 1.153(a)

A design patent protects only novel, non-functional features. *Moen Incorporated v. Foremost International Trading*, 38 F.Supp.2d at 681 "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed.Cir.1997). The scope is limited to overall ornamental visual impression. *Id.*

As previously noted, in the instant case SI's patent application for the '551 patent consisted of its claim, "The ornamental design for grooming brush for animals, as shown," and eight drawings of the brush. The drawings reveal the brush to have a trapezoidal brush head connected to a handle that tapers into the front of the brush head. (Doc. No. 150, Ex. A). The end of the handle is straight until it begins to curve slightly at its top to make a smooth transition into the brush head. (Doc. No. 150, Ex. A, Figs.3,4) The handle contains an elliptical loop, which is concave at the top and convex on the bottom, five grip markings on the front of the brush, with an on/off switch and LED light positioned at the top of the handle. (Doc. No. 150, Ex. A, Fig.7) The bristles on the underside of the brush are arranged among three parallel vents having one longer middle vent and two symmetric "phantom" side vents. (Doc. No. 150, Ex. A, Fig.8). The center vent contains seven slats, while the two phantom side vents each contain six slats.

Although the pet brush bears some general resemblance to the examples of prior art cited in the record, i.e., all prior brushes cited have handles, brush heads, and bristles, the overall design is distinctive. Of those presented in the record, none have a trapezoidal head shape, none have the on/off switch located on top of the brush handle, none have the same handle shape with smooth transition to the flat brush head, and none have three rounded parallel vents having one longer vent and two phantom symmetric side vents all containing slats. These features the Court finds to be novel to the '551 patent.

SI also alleges that the handle grips and handle loop at the end of the handle are novel features. The Court finds that handle grips and a loop for hanging the brush are functional in nature; however, the shape of the grip and loop, elliptical, are novel. Accordingly, the Court construes SI's '551 claim to have the following novel features: (1) a trapezoidal flat head shape; (2) a generally straight handle that curves slightly at the top to make a smooth, sloping transition to flat brush head; (3) three elliptical parallel vents having one longer central vent and two phantom symmetric side vents on the bottom of the brush, the central vent containing seven slats and the phantom vents containing 6 slats each; (4) the elliptical shape of the five handle grips on the top of the handle, (5) the placement of the on/off switch and LED light on the top of the handle, and (6) the elliptical shape of the five grips on the bottom of the handle.

(3) Design Infringement of the '551 Patent

■ Design patent infringement is a question of fact to be proved by a preponderance of the evidence. *Braun Inc. v. Dynamics Corp. of America*, 975 F.2d 815, 819 (Fed.Cir.1992). The test for determining infringement consists of two parts. The first was enunciated by the Supreme Court in *Gorham Co. v. White*, 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731 (1871).

We hold, therefore, that if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one, supposing it to be the other, the first one patented is infringed by the other.

*Gorham Co. v. White*, 81 U.S. at 528, 20 L.Ed. 731.

The second part of the test requires that, no matter how similar two items look, "the accused device must appropriate the novelty in the patented device which distinguishes it from prior art." *L.A. Gear, Inc., v. Thom McAn Shoe Company*, 988 F.2d 1117 (Fed.Cir.1993). This is sometimes referred to as the "point of novelty" test. *Litton Systems, Inc. v. Whirlpool Corporation*, 728 F.2d 1423, 1444 (Fed.Cir. 1984) (quoting *Sears, Roebuck & Co. v. Talge*, 140 F.2d 395, 396 (8th Cir.1944)). Similarity of overall appearance is an inadequate basis for finding design infringement unless the similarity embraces the point of novelty of the patented design. *Goodyear Tire & Rubber Company v. Hercules Tire & Rubber Company*, 162 F.2d 1113, 1118 (Fed.Cir.1998).

■ In determining whether two items are "substantially similar," the finder of fact need not conduct a side-by-side comparison of the two items. The accused design does not have to be identical to infringe. Rather, it is the overall ornamental impression of the two designs, not isolated elements that must be considered. *Lee v. Dayton–Hudson Corp.*, 838 F.2d 1186, 1190 (Fed.Cir.1988).

■ In the instant case, the overall appearance of the two pet brushes is similar. The shape of the brush head on each prod-

uct presents the same overall appearance. The handle of both brushes slopes upward onto the brush head, and both brushes also have parallel vents on the underside of the brush, with one longer middle vent and two symmetric phantom side vents. Such vents have the same number of slats. Both brushes have on/off switches and LED lights positioned on the top of the brush handle. Both also have five handle grips on the top of the brush; both have grips although different in shape and number on the bottom of the brush. Both have end loops at the end of the handle.

Several of the similarities between the Lentek brush and the SI brush meet the "point of novelty" test: the way in which both handles slope upward unto the brush head; the parallel vents on the underside of the brush which on both brushes are elliptical, have a central, longer vent with seven slats; two phantom side vents with six slats; and the placement of the on/off switch and LED light.

However, there are also significant differences in the two brushes. While the general appearance of the brush heads is similar, SI's is clearly trapezoidal, while Lentek's is more oval. The handle of the Lentek brush is thin and does not taper the full length of the brush-head, while the handle of the SI brush is thicker and tapers to the top of the brush head. Further, the SI brush has a one-piece handle brush design with the handle tapering smoothly into the brush head. The Lentek handle is a two-piece brush design with a clear distinction between the handle and the brush head. The SI brush is flatter on either side of the handle. The Lentek brush has three vents on each side of the brush head and two at the top of the brush head which are not found in the SI design. While Lentek has five handle grips on top of the handle, the ornamental aspect of them is different from the ornamental aspect of SI's grips. SI's handle grips are elliptical, while Lentek's are thin rectangles. Similarly, SI has five elliptical grips on the bottom of the brush, while Lentek has six rectangular grips on the brush bottom. Finally, the cord loop on Lentek's handle is rectangular and different in shape from SI's cord loop.

Given these differences, the Court cannot find as a matter of law that "in the eye of the ordinary observer, giving such attention as a purchaser usually gives...the resemblance [between the two pet brushes] is such as to deceive such an observer." The issue is a matter for the jury. *See Braun Inc., v. Dynamics Corporation of America,* 975 F.2d 815, 819 ("The issue of patent infringement is one of fact to be proven by a preponderance of the evidence...In determining questions of infringement, the district court must instruct the jury to follow the standard articulated in *Gorham Co. v. White,* 14 Wall. 511, 81 U.S. 511, 528, 20 L.Ed. 731 (1872)")

(4) Claim Construction of the '001 Patent

As previously noted, the '001 patent claims "the ornamental design for a plug-in air purifier and/or light" and shows eight different views of the plug-in purifier. The '001 patent protects SI's "Plug-In Air Purifier." The record contains only two examples of prior art, so the Court had little with which to compare the ornamental features of the '001 patented device. *See* (Doc. No. 150, Ex. S) In one instance, the prior art contained just a nightlight. In the other, it contained an air freshener and nightlight combined. *Id.* The first example, patent no.359,575, is a plug-in flourescent nightlight. It has a vertical shape with a horizontal grid on the front of the unit running about three-quarters of the way down the face of the unit with the night light at the bottom. *Id.* The second, patent no. 357,330, is combination

air freshener and nightlight. It is slightly oval in shape with what appears to be a small grid running horizontally near the bottom of the unit and a nightlight at the bottom. *Id.*

SI's plug-in air purifier and/or light consists of a slim, vertical, rectangular shape with a curved, concave horizontal grill face running about two-thirds of the way down the front of the unit, a nightlight occupying the remaining bottom portion of the unit, a concave top, a flat bottom, and an ornamental handle attached to a collector grid that is removable from the top of the unit. The handle is longer than it is wide and is curved on its front. The grill face is divided by two vertical lines, and the two bottom vents are "phantom." When viewed from the side, the grill area is slightly curved on the side front portion of the grill area, and this curve extends from the top to the bottom of the product.

SI contends that the ornamental features include the grill face, nightlight, and an ornamental handle. (Doc. No. 149) While acknowledging that prior art designs may have horizontal lines or a nightlight, SI argues that none adopt the same size, shape, and configuration of the '001 patent or the same ornamental placement of features. (Doc. No. 149). It further argues that none of the prior designs have ornamental handles or curved portions in the top of the design. (Doc. No. 149)[1]

After reviewing the prior art provided in the record, as well as the patent application of SI, the Court finds that the ornamental features of '001 are the curved side and concave grill face in the top two-thirds of the unit which is divided by two vertical lines; the concave top surface; and the

shape of the ornamental handle on the top of the unit.[2] The Court rejects SI's argument that the nightlight is an ornamental feature since it appears in both examples of prior art and in both cases at the bottom half of the unit. The same is true of the flat bottom and the location of the unit's plug.

(5) Design Infringement of the '001 Patent

 The Lentek air purifier and nightlight is similar in overall impression to the SI device. Both are vertical in shape, with a front grill, a nightlight at the bottom, and an ornamental handle attached to a collector grid which is removable from the top. Lentek's grid area is also divided by two vertical lines, and there are also two and two-thirds phantom vents at the bottom of the grill face. When viewed from the side, the Lentek unit presents a curved impression for two-thirds of its length with the bottom third being a hard-edged straight line. However, Lentek's product presents a rounded face while SI's unit is more rectangular with a concave face. Thus, SI's product is sleeker in appearance than the Lentek product.

As to whether the similarities between the two units include the novel features of SI's unit, the Court finds that Lentek's curved grill face intersected by two vertical lines with two and two-thirds phantom vents at the bottom and the curved ornamental handle at the top attached to a collector grid that is removable from the top of the unit are points of novelty with the SI unit.

---

**1.** While Lentek argues that the handle is functional to lift the electrode plate out of the unit, as is the grill face because the product conducts electricity, the shape of these components may be novel and thus may be considered in a claim of infringement.

**2.** The Court cannot tell from the drawings provided if phantom vents are included in prior art grill faces nor was this information contained in the Motion for Summary Judgment.

However, as with the pet brush, there are significant points of difference between the two units. While the grill faces of both units are curved, the SI grill face is concave, while the Lentek face is convex. The top of the SI unit is convex while the top of the Lentek unit is not. The ornamental handle at the top of each unit is slightly different in shape, and the Lentek unit has a separate knob for changing the setting that is used in conjunction with the handle which is absent in the SI device. The SI unit is slimmer with the grill face tapering smoothly into the nightlight. The Lentek unit makes a sharper, more abrupt distinction between the end of the grill face and the beginning of the nightlight. The two and two-thirds phantom vents on the front of Lentek's unit are not as pronounced as the two phantom vents on SI's unit.

While the Court finds that the two units are similar in overall appearance, because of these differences it cannot say that a reasonable jury could not find that the Lentek unit was not so similar as to deceive the ordinary observer and thus that Lentek was not guilty of infringement.

### CONCLUSION

Based on the foregoing the Court, the rules as follows:

(1) SI's Motion for Summary Judgment of Design Patent Infringement of both U.S. Design Patent 417,5551 and U.S. Design Patent 411,011 is **DENIED.**

(2) SI' Motion for Summary Judgment on Lentek's claims of invalidity and unenforceability is **GRANTED.**

(3) SI' Motion for Claim Construction of the Design Patents at Issue is **GRANTED** as set forth in this Order. **DONE** and **ORDERED** in Chambers in Orlando, Florida, this 24th day of September, 2001.